# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# AT CHICAGO

| | | |
|---|---|---|
| **LAVITTA GALARDE** | : | |
| 720 N. Austin, Unit 301 | | |
| Oak Park, IL 60302 | : | CASE NO. 1:17-cv-2699 |
| Plaintiff | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| **JPMORGAN CHASE** | : | |
| **LONG-TERM DISABILITY** | | |
| **PLAN** | : | |
| JPMorgan Chase & Co. | | |
| One Chase Manhattan Plaza, | : | |
| 20th Floor | | |
| Mail Code: NY1-A336 | : | |
| New York, NY 10005-1401 | | |
| | : | **COMPLAINT** |
| and | : | |
| **PRUDENTIAL INSURANCE** | : | |
| **COMPANY OF AMERICA** | | |
| 751 Broad St. | : | |
| Newark, NJ 07102 | | |

Now comes the Plaintiff, Lavitta Galarde, by and through counsel, and for her Complaint hereby states as follows:

1

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district court's jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

3. Venue is proper in the Northern District of Illinois because Plaintiff resides in Oak Park, Cook County, Illinois. The contractual agreement was breached at that location. See 29 U.S.C. § 1132(e)(2).

## NATURE OF ACTION

4. Plaintiff, Lavitta Galarde, seeks an award reinstating her disability income benefits pursuant to an Employee Welfare Benefit Plan providing group

disability benefits to employees of JPMorgan Chase Bank, N.A. (hereinafter "JPMorgan Chase") This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits.

## THE PARTIES

5. Plaintiff, Lavitta Galarde is a 51 year old female who resides in Oak Park, Illinois, (Cook County) and was an active employee of JPMorgan Chase and was covered under a Plan which provided long-term disability benefits. Plaintiff no longer works and is now disabled.

6. The JPMorgan Chase Long-Term Disability Plan is an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7). The Plan Sponsor, Plan Administrator and Agent for legal process are all identified as "JPMorgan Chase & Co." of New York, New York. Upon information and belief, JPMorgan Chase & Co. is a Delaware Corporation engaged in the business of banking and investments.

7. The Plan's "Claim Administration" for long-term disability benefits is run by a Plan Fiduciary, which, upon information and belief, is Prudential Insurance Company of America (hereinafter "Prudential").

## STATEMENT OF GENERAL FACTS

8. Plaintiff, Lavitta Galarde, was hired by JPMorgan Chase on September 17, 2012.

9. Plaintiff Galarde worked as a "Loan Processor" for JPMorgan Chase which required Plaintiff to comply with rules and standards supporting residential real estate financing. The occupation of "Loan Processor" is classified as sedentary in physical demand and the work is skilled as defined in the Dictionary of Occupational Titles.

10. Lavitta Galarde left work as a "Loan Processor" at JPMorgan Chase on December 15, 2014, due to her medical conditions, which included, but not limited to: migraine headaches, photophobia, nausea and pre-syncopal episodes, dizziness and POTS (Postural Orthostatic Tachycardia Syndrome).

11. Ms. Galarde filed for short-term disability (STD) benefits upon her departure from work. These benefits were approved and paid for the time period of December 15, 2014 to June 15, 2015 (26 weeks).

12. On June 15, 2015, "own occupation" long-term disability (LTD) benefits were scheduled to begin. Benefits under the "own occupation" definition of disability are available for 24 months. Prudential paid Plaintiff's long-term disability benefits until October 31, 2015 and issued a denial letter to Plaintiff on October 22, 2015.

13. In order to receive "own occupation" long-term disability benefits under the JPMorgan Chase policy, an individual must be, "unable to perform the material and substantial duties of your regular occupation due to you sickness or injury; and you are under the regular care of a doctor; and you have a 20% or more loss in your monthly earnings due to that sickness or injury."

14. "Regular Occupation", as defined by Prudential, means, "the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location."

15. The denial letter emphasized that it was based upon surveillance and a medical opinion by Rajesh Wadha, M.D., a vice president and medical director of the Prudential Insurance Company of America. Dr. Wadha did not perform a physical examination of Ms. Galarde.

16. Prudential's denial of long-term disability benefits included information concerning Plaintiff's ability to appeal and that any complaints regarding Prudential's handling of the claim, should be directed to the Illinois Department of Insurance pursuant to Part 919 of Illinois Insurance Department rules.

17. Plaintiff filed her own appeal on or about November 9, 2015, and submitted updated medical records from Dr. Marsha E. Gorons, M.D; Catalina Grija, M.D; and Michael J. Schneck, M.D., professor of neurology; and other medical records including an MRI of the brain and some detail concerning the occupation of loan processor.

18. In response to Plaintiff's appeal, Prudential hired Reliable Review Services (RRS), to hire a physician to complete a peer review report without examination. Dr. Sarbjot S. Dulai, a neurologist, concluded that no restrictions

were appropriate. Dr. Dulai's conclusion was not supported by an examination or an interview of the claimant.

19. Prudential issued a second denial of long-term disability benefits dated January 14, 2016 which recognizes diagnoses of chronic migraines and orthostatic hypotension. The denial letter recognizes that Ms. Galarde's occupation requires mental concentration, alertness and awareness. The denial letter relies heavily on the opinion of the non-examining peer review physician, Dr. Dulai.

20. The January 14, 2016, LTD denial letter advises Plaintiff that she has a right to a second appeal but noted that the second appeal is voluntary.

## CAUSE OF ACTION I
## CLAIM FOR BENEFITS UNDER 502(a)(1)(B)

21. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 20 of the Complaint.

7

22. ERISA authorizes plan beneficiaries like Ms. Galarde to sue to recover benefits due under the terms of the plan, and to clarify rights to future benefits under the terms of the plan, pursuant to 29 U.S.C. § 1132(a)(1)(B).

23. As fiduciaries, Defendants Plan and Prudential are required to exercise the statutorily required duty of care and prudence, and are required to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1).

24. By denying the benefits to the Plaintiff contrary to the law and terms of the Plan, Prudential and the Plan have arbitrarily ignored and selectively reviewed evidence Plaintiff has submitted and has failed to provide a full and fair review of Plaintiff's claim for long-term disability benefits.

25. Prudential and the Plan have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored evidence supplied by Plaintiff which supports her disability; 2) Defendants have ignored the requirements of working at her own skilled occupation; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual occupation or

limitations, which included head pain, fatigue, dizziness and low blood pressure; 4) Defendants have engaged in a selective review of evidence presented by the claimant; and 5) Defendants have failed to obtain any understanding of Plaintiff's occupational duties before denying her claim for benefits.

26. The Plan and Prudential's decision to discontinue benefits is not the result of a reasoned process and is at a minimum, arbitrary and capricious. The actions of the Plan and Prudential in reviewing Plaintiff's medical and vocational evidence are inconsistent with the precedent of this Court and the Seventh Circuit Court of Appeals.

27. Plaintiff has exhausted her administrative remedies and the Plan and Prudential still wrongfully denies benefits to which she is entitled.

28. Plaintiff is entitled to benefits in the form of long-term disability payments and said benefits are due and owing to Plaintiff from both Defendants, pursuant to the terms of the Plan.

**WHEREFORE**, Plaintiff, Lavitta Galarde, prays for the following relief:

A. That the Court enter judgment in Plaintiff Galarde's favor and against Defendants Prudential and the Plan and that the Court order both Defendants to account and pay disability income benefits to Plaintiff Galarde in an amount equal to the contractual amount of benefits to which Galarde is entitled;

B. That the Court order Defendants Prudential and the Plan to pay Galarde's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 10th day of April, 2017

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-428-9811
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Lavitta Galarde